**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000968**
**31-MAR-2015**
**10:11 AM**

NO. CAAP-14-0000968

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


In the Matter of the Application of

JOHN II ESTATE, LIMITED
to register land Situate at Mililani, District of Ewa,
City and County of Honolulu, Hawai'i

---

MATTHEW AUGUST HARRELL and VALENTINE SATAKO HARRELL,
Petitioners-Appellants


APPEAL FROM THE LAND COURT OF THE STATE OF HAWAI'I
(CASE NO. 1LD13-1-1828)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Fujise and Reifurth, JJ.)

Petitioners-Appellants Matthew August Harrell and
Valentine Satako Harrell (together, the **Harrells**) appeal from a
July 28, 2014 "Findings of Fact; Conclusions of Law; and Order
Granting in Part and Denying in Part Respondents' Motion for
Sanctions," entered in the Land Court of the State of Hawai'i[1]
(**land court**).

The Harrells' sole point on appeal is that the land
court erred in imposing sanctions on their counsel Robert Stone[2]

---

[1]     The Honorable Gary W.B. Chang presided.

[2]     The Harrells' opening brief fails to comply with Hawai'i Rules of
Appellate Procedure (**HRAP**) Rule 28(b)(4) regarding points of error by not
(continued...)

(**Stone**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude this appeal is without merit.

The Findings of Fact of the land court are as follows:[3]

1. On February 28, 2014, Respondents filed their *Motion for Summary Judgment Re: Petition to Remove Cloud on Transfer Certificate of Title No. 490,279, filed on May 21, 2013* ("MSJ"). The Court set the hearing for the MSJ for March 17, 2014. Pursuant to Rule 7(b) of the Rules of the Circuit Courts of the State of Hawai'i, the opposition to the MSJ was therefore due no later than March 9, 2014. No opposition was filed before or by this date.

2. On March 10, 2014, [the Harrells] filed an *ex parte* motion to extend time to oppose the MSJ. The Court denied the *ex parte* motion that same day.

3. On March 10, 2014, [the Harrells'] counsel [Stone] telephoned Respondents' counsel with a proposal to dismiss this action. [Stone] proposed dismissing the "quiet title" claim with prejudice and all other claims without prejudice. [Stone] indicated during this call that he did not want to do anything to negatively impact [the Harrells'] claims and/or defenses to a foreclosure action. Respondents' counsel informed [Stone] that he would consult with his clients regarding the proposal.

4. On March 12, 2014, Respondents' counsel informed [Stone] that his offer was rejected and that Respondents would accept nothing less than a full dismissal with prejudice of all claims and allegations in this action. In response, [Stone] indicated that Petitioners were amenable to a dismissal with prejudice so long as the dismissal was limited to this action only. Respondents' counsel informed [Stone] that he would not speculate as to the legal effect of a dismissal with prejudice on any future action. [Stone] thereafter stated that Petitioners agreed to a dismissal with prejudice of this action. Later that day, Respondents' counsel confirmed via voicemail to [Stone] that Respondents were amenable to a dismissal with prejudice and that their

---

[2](...continued)
stating where in the record the alleged error occurred and where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court. Counsel for the Harrells is warned that future noncompliance with HRAP Rule 28 may result in sanctions against him.

[3] None of these Findings of Fact are challenged in the Harrells' points of error on appeal, and appear to be undisputed and supported by the record in this case. Findings of Fact not challenged on appeal are binding on the appellate court. <u>Kawamata Farms, Inc., v. United Agri Products</u>, 86 Hawai'i 214, 252, 948 P.2d 1055, 1093 (1997).

counsel would draft the stipulation to dismiss.

5. On March 13, 2014 at 9:42 a.m., Respondents' counsel emailed [Stone] the stipulation to dismiss with prejudice in the form of an Adobe PDF. Later that day, Respondents' counsel received from [Stone] a signed copy of a stipulation to dismiss with prejudice.

6. Having received no further communication from [Stone] regarding the form of stipulation, Respondents' counsel presumed that [Stone] had signed the PDF version of the stipulatio n sent to him via email earlier that day. As a result, Respondents' counsel immediately signed the stipulation.

7. Upon further review of the stipulation sent by [Stone], however, Respondents' counsel realized that the document had been converted to writeable form and then altered. Specifically, [Stone] had added the following underlined text to the title of the document: "Stipulation for Dismissal with Prejudice, as to Land Court, of All Claims and Parties". [Stone] made a similar undisclosed addition in the text of the document, adding the following underlined text to paragraph 1 of the stipulation Respondents' counsel had sent him:

> All claims and allegations brought in this action by Petitioners VALENTINE SATAKO HARRELL and MATTHEW AUGUST HARRELL against Respondents MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ONEWEST BANK, FSB (also erroneously sued as IndyMac Mortgage Services), and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A9CB (erroneously sued as "Deutsche Bank National Trust Company"), **are dismissed with prejudice as to Land Court**.

(Bold in original).

8. At 2:47 p.m. on March 13, 2014, Respondents' counsel emailed [Stone] and informed him that he would not sign the altered stipulation. Respondents' counsel again requested that [Stone] execute the version of the stipulation he had previously sent him.

9. After that email, [Stone] telephoned Respondents' counsel and stated that he had revised the stipulation to more accurately "comport" with the nature of the parties' agreement. Respondents' counsel informed [Stone] that his understanding of the agreement was inaccurate and that Respondents would move forward with the hearing on the MSJ.

10. On March 17, 2014, Respondents' counsel appeared at the hearing on the MSJ. [Stone] did not appear. Following presentation of Respondents' oral argument as to the MSJ, the Court inquired of Respondents' counsel whether he was aware of the *Notice of Bankruptcy Filing* (the "BK Notice"), filed by Petitioners in this action on March 14, 2014. When Respondents' counsel indicated that he was aware of no such document, the Court presented him with a copy.

11. [Stone] never informed Respondents' counsel prior

to the hearing that Petitioners intended to file for bankruptcy. The BK Notice was served on Respondents' counsel by mail. [Stone] did not call or email Respondents' counsel on March 14, 2014 or at any time prior to the MSJ hearing to indicate that Petitioners had filed for bankruptcy and were taking the position that this matter was stayed.

12. At the hearing, the Court asked for Respondents' position on the BK Notice and whether this action was stayed as a result. Having no notice or knowledge of [the Harrells'] bankruptcy or any effect thereof, Respondents' counsel informed the Court that it was his understanding that filing for bankruptcy effectuated an automatic stay of all pending actions. Thereafter, the Court found that this action was stayed as a result of [the Harrells'] filing for bankruptcy on March 14, 2014.

13. Respondents' counsel later learned that, pursuant to established case law, the automatic bankruptcy stay under 11 U.S.C.A, § 362(a) was inapplicable to post-petition defensive actions in a pre-petition lawsuit brought by a debtor.

14. Based on this, on March 18, 2014, Respondents' counsel sent a letter to [Stone] demanding withdrawal of the BK Notice and enclosing the original, unaltered stipulation.

15. On March 19, 2014, [Stone] communicated to Respondents' counsel that he had received the letter and "renew[ed]" his offer to "dismiss the [Harrells'] case in land court with prejudice as to land court, but not with prejudice as to all courts."

16. There was a misunderstanding between the lawyers for the parties in this case regarding the scope of dismissal and language of the stipulation.

17. [Stone's] conduct after receiving the stipulation in PDF form from Respondents' counsel, however, was inappropriate. Specifically, [Stone] failed to properly communicate to Respondents' counsel that he had made revisions to the stipulation before signing and returning it with the original attorney identification information unchanged. [Stone's] actions had the effect of lulling Respondents' counsel into wrongly believing that the signed stipulation sent by [Stone] was the same document that had been sent to him.

18. At minimum, [Stone] was required under these circumstances to communicate to Respondents' counsel that he had made revisions to the stipulation.

(Emphases in original).

The land court made specific findings of bad faith prior to imposing sanctions on Stone. Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawai'i 452, 459, 903 P.2d 1273, 1280 (1995) ("[A] necessary [condition] precedent to any sanction of attorneys' fees under the court's inherent powers was the finding

4

that the attorney's conduct 'constituted or was tantamount to bad faith' (citation omitted)".) Specific findings are important because they allow for meaningful appellate review as to whether the trial court exercised its discretion in a reasoned and principled fashion, were the product of thoughtful deliberation, and enhance the deterrent effect. Id.

The land court satisfied this standard in imposing sanctions on Stone in making specific findings that on March 13, 2014, Respondents' counsel emailed Stone the stipulation to dismiss with prejudice in the form of an Adobe PDF; later that day, Stone returned to Respondents' counsel's office an executed copy of a stipulation; Stone did not communicate with Respondents' counsel at any point between his receipt of the stipulation and its return; Stone made material alterations to the stipulation before he returned it to Respondents' counsel; and

> 17. [Stone's] conduct after receiving the stipulation in PDF form from Respondents' counsel, however, was inappropriate. Specifically, [Stone] failed to properly communicate to Respondents' counsel that he had made revisions to the stipulation before signing and returning it with the original attorney identification information unchanged. [Stone's] actions had the effect of lulling Respondents' counsel into wrongly believing that the signed stipulation sent by [Stone] was the same document that had been sent to him.

On the basis of these findings, the land court concluded that Stone "acted in bad faith in his communications regarding the stipulation to dismiss and, as a result, the imposition of sanctions in the form of attorneys' fees is appropriate pursuant to this Court's inherent power to curb abusive litigation practices."

We conclude the land court did not abuse its discretion in imposing sanctions on Stone. Gap v. Puna Geothermal Venture, 106 Hawai'i 325, 331, 104 P.3d 912, 918 (2004). The land court did not base its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence. Id.

Therefore,

IT IS HEREBY ORDERED that the July 28, 2014 "Findings

of Fact; Conclusions of Law; and Order Granting in Part and Denying in Part Respondents' Motion for Sanctions," entered in the Land Court of the State of Hawaiʻi is affirmed.

DATED:  Honolulu, Hawaiʻi, March 31, 2015.

On the briefs:

Robert L. Stone
(Property Rights Law of Hawaii)
for Petitioners-Appellants
Matthew August Harrell and
Valentine Satako Harrell.

Judy A. Tanaka
J. Blaine Rogers
(Alston Hunt Floyd & Ng)
for Respondents-Appellees
Mortgage Electronic
Registration Systems, Inc.,
Onewest Bank N.A., fka Onewest
Bank, FSB, and Deutsche Bank
National Trust Company, As
Trustee of the Residential
Asset Securitization Trust
2006-A9CB.

Presiding Judge

Associate Judge

Associate Judge

6